Pearson, J.
There is no error. The defendant upon his garnishment ought to have denied the fact of his indebtedness to Eason, unless it was first proved that Eason had not assigned the note before its maturity. It was his folly to submit to a judgment, by which the amount of the note was condemned in his hands, to the payment of the debt of the creditor in the attachment. This subject is fully explained in Myers v. Beeman, 9 Ire. 116, where one is summoned as garnishee, who owes a note which is negotiable; if he chooses to stand upon his rights,nojudgment can be taken against him, without proof that the absconding debtor still holds the note, or had not assigned it, by endorsement before it was due ; for otherwise it does not appear that he is indebted to the absconding debtor.
Assuming, that, as against the payee Eason, the satisfaction of the judgment upon the garnishment is sufficient, without its being done on execution, (which is required by the old cases.) the plaintiff, in this case, asserts and is entitled to, all the rights of an endorsee before maturity ; if so, the note passed to him, suhjeet only to endorsed 'payments.
*568 There is some difference-in the books upon this question of a note payable on demand, whether it is due presently, and therefore cannot be assigned, except as a note over due, until demand is formally made ; but it is conceded in all the cases, that a note payable “at sight," or “when presented,” is not due until it is presented, and so the note in question was transferred to the plaintiff before its maturity. In fact the defendant, in his garnishment, alleges the fact, that the note had never been presented for payment, and in his amended answer admits expressly, that the endorsement was made before the note had been presented, and of course before it was dishonored.
Per Curiam. Judgment affirmed.